IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No.   13-00083-01-CR-W-DW |
| TONY EUGENE WARDLOW, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1.   The Parties.**   The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, and Patrick D. Daly, Assistant United States Attorney, and the defendant, Tony Eugene Wardlow ("the defendant"), represented by Laine Cardarella.

The defendant understands and agrees that this plea agreement is only between Tony Eugene Wardlow and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2.   Defendant's Guilty Plea.**   The defendant agrees to and hereby does plead guilty to Count 2 of the superseding indictment charging defendant with violating 18 U.S.C. §§ 2421 and 2, that is, interstate transportation for prostitution.   By entering into this plea agreement, the

defendant admits having knowingly committed this offense, and admits being guilty of this offense.

**3.** **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which defendant is pleading guilty are as follows:

Between on or about September 18, 2011, and September 21, 2011, said dates being approximate, in the Western District of Missouri and elsewhere, Tony Eugene Wardlow did attempt and knowingly transport an individual – identified in the superseding indictment as Child Victim – in interstate and foreign commerce, that is, from the Western District of Missouri to Texas, with knowledge that a purpose and intent for Wardlow's transportation of Child Victim would be that Child Victim was to engage in prostitution with Wardlow, and any sexual activity for which a person can be charged with a criminal offense, that is, the following crimes proscribed by the statutes of the State of Texas: prostitution (TEX. PENAL CODE § 43.02), promotion of prostitution (TEX. PENAL CODE § 43.03), and compelling prostitution (TEX. PENAL CODE § 43.05).

Wardlow further admits that he engaged in prostitution activity with the Child Victim between August 1, 2011, and September 30, 2011. Wardlow further admits that he met Child Victim - which person was in fact a minor under the age of 18 at the time of these offenses - in August of 2011 when s/he was working as a prostitute on Independence Avenue, Kansas City, Missouri, which is within the Western District of Missouri. Wardlow further admits that he took Child Victim to St. Louis, Missouri and Big Spring, Texas in September of 2011 with the purpose and intent that s/he engage in prostitution activity with Wardlow during these trips. Wardlow further admits that he transported Child Victim to and from Texas between September 18, 2011 and 21, 2011, with the purpose that Child Victim engage in prostitution, and that upon their return from this transportation to Texas Wardlow dropped off Child Victim with an unknown male at or near Independence Avenue, Kansas City, Missouri, which is within the Western District of Missouri.

Wardlow further admits that prior to these offenses he was required to register as a sex offender with the State of Missouri relating to convictions in 1997 in the Circuit Court of Nodaway County (Missouri), where he was convicted of two counts of endangering the welfare of a child in the first degree by knowingly acting in a manner that created a substantial risk to the body and health of two separate minor victims under the age of seventeen (17) years old, and that he was also convicted on that same date to sexual misconduct in the first degree by purposely subjecting one of the minor victims to sexual contact without that minor victim's consent.

2

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that in calculating the offense level for the charge to which defendant is pleading guilty, the conduct charged in any dismissed counts of the superseding indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2), or as part of the "offense of conviction" pursuant to U.S.S.G. § 1B1.2.

**5. Statutory Penalties.** The defendant understands that upon defendant's plea of guilty to Count 2 of the superseding indictment charging a violation of 18 U.S.C. § 2421, the maximum penalty the Court may impose is not more than 10 years of imprisonment, a $250,000 fine, no more than 5 years of supervised release, an order of restitution, and a $100 mandatory special assessment per felony count of conviction, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

In addition, the parties agree that Wardlow was required to register as a sex offender prior to committing the felony offense involving a minor under 18 U.S.C. § 2421, and that under 18 U.S.C. § 2260A he is required to be sentenced to a term of imprisonment of 10 years in addition to the imprisonment for the offense under 18 U.S.C. § 2421, and that this 10 year sentence must be consecutive to any sentence imposed for the offense under 18 U.S.C. § 2421.

3

**6.** **<u>Sentencing Procedures</u>.** The defendant acknowledges, understands and agrees to the following:

a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. While these Guidelines are advisory in nature, and the Court ordinarily would have the discretion to impose a sentence either less than or greater than the court-determined advisory Guidelines range, in this instance the parties agree, **pursuant to Rule 11(c)(1)(C), that the Court must impose sentence as follows: a term of three months imprisonment on Count 2, and a mandatory consecutive term of ten (10) years imprisonment pursuant to 18 U.S.C. § 2260A, with a term of supervised release of not less than five years to follow**. If the court accepts this plea agreement, it must inform the defendant that sentence will be imposed in accordance with this agreement of the parties. If the court rejects this plea agreement, it must, on the record and in open court, inform the parties that the court rejects the plea agreement, advise the defendant personally that because the Court is rejecting the plea agreement the Court is not required to impose sentence in accordance with the agreement of the parties, give the defendant an opportunity to withdraw defendant's guilty plea, and further advise the defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward the defendant than the plea agreement contemplated;

b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of at least five years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 3 years without credit for time previously spent on supervised release. However, pursuant to 18 U.S.C. § 3583(k), if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 2251-2260A) or 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428) or Section 1201 (kidnapping) or 1591 (sex trafficking of

4

children or by force, fraud, or coercion) of Title 18 of the United States Code, the Court will impose an additional period of imprisonment of 5 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release; and

e. any sentence of imprisonment imposed by the Court will not allow for parole.

**7.** __Government's Agreements.__ Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to being a felon in possession of a firearm, transportation for prostitution, transportation of a minor for prostitution, enticement for prostitution, or sex trafficking of a minor, for which it has venue and which arose out of the defendant's conduct described above. The Government further agrees to dismiss Counts One and Three of the Superseding Indictment at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal

5

violations established by the evidence. The defendant expressly waives defendant's right to challenge the initiation of the dismissed or additional charges if defendant breaches this agreement. The defendant expressly waives the right to assert a statute of limitations defense if the dismissed or additional charges are initiated following defendant's breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following a breach of this plea agreement, defendant will not be allowed to withdraw defendant's guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which defendant has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored

6

to their pre-plea agreement positions to the fullest extent possible.   However, after the plea has been formally accepted by the Court, the defendant may withdraw defendant's plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal.

**10.     Agreed Guidelines Applications.**     With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a.     The Sentencing Guidelines do not bind the Court and are advisory in nature. However, if the court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound to impose the sentence agreed to by the parties, as set forth in paragraph 6 above;

b.     The applicable Guidelines Manual is the one that took effect on November 1, 2010;

c.     The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G1.3(a)(4), which provides for a base offense level of 24;

d.     Because WARDLOW unduly influenced a minor to engage in prohibited sexual conduct, a two (2) level enhancement is warranted under U.S.S.G. § 2G1.3(b)(2)(B);

e.     Because this offense involved the commission of a sex act or sexual contact between Child Victim and WARDLOW, a two (2) level enhancement is warranted under U.S.S.G. § 2G1.3(b)(4)(A);

f.     Because this offense of conviction is a "covered sex crime," and the career offender provision under U.S.S.G. § 4B1.1 does not apply, and WARDLOW committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction, WARDLOW's overall offense level is 32 with a criminal history Category V pursuant to the operation of U.S.S.G. § 4B1.5(a);

f.     The defendant has admitted guilt and clearly accepted responsibility for defendant's actions, and has assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to

7

allocate their resources efficiently. Therefore, defendant is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and defendant's pretrial release; or (2) attempts to withdraw defendant's guilty plea, violates the law, or otherwise engages in conduct inconsistent with defendant's acceptance of responsibility;

g. The defendant understands that the estimated Guideline calculations set forth in the subsections of this paragraph do <u>not</u> bind the Court or the United States Probation Office with respect to the Court's determination of the applicable advisory Guidelines;

h. The defendant and the United States confirm that the agreed sentence set forth in paragraph 6(a) above is both reasonable and authorized by law, which calls for **a term of three months imprisonment on Count 2, and a mandatory consecutive term of ten (10) years imprisonment pursuant to 18 U.S.C. § 2260A, with a term of supervised release of not less than five years to follow**;

i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the superseding indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

j. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that defendant will make during the plea colloquy, support the imposition of the agreed-upon sentence and Guidelines calculations contained in this agreement.

**11.** **<u>Effect of Non-Agreement on Guidelines Applications.</u>** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its

8

subsections.   As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.   Change in Guidelines Prior to Sentencing.**   The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option.   If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13.   Government's Reservation of Rights.**   The defendant understands that the United States expressly reserves the right in this case to:

a.   oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b.   comment on the evidence supporting the charge in the superseding indictment;

c.   oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court does not impose the sentence agreed to by parties in this agreement; and

d.   oppose any post-conviction motions for reduction of sentence, or other relief.

**14.   Waiver of Constitutional Rights.**   The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

a.   the right to plead not guilty and to persist in a plea of not guilty;

9

b.  the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

c.  the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d.  the right to confront and cross-examine the witnesses who testify against defendant;

e.  the right to compel or subpoena witnesses to appear on defendant's behalf; and

f.  the right to remain silent at trial, in which case defendant's silence may not be used against defendant.

The defendant understands that by pleading guilty, defendant waives or gives up those rights and that there will be no trial.   The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, defendant's answers may later be used against defendant in a prosecution for perjury or making a false statement.   The defendant also understands defendant has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15.  <u>Waiver of Appellate and Post-Conviction Rights</u>.**

a.   The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement defendant waives any right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

10

b. The defendant expressly waives any right to appeal defendant's sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal defendant's sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.**

By entering into this plea agreement, the defendant understands and agrees to the following financial obligations:

a. The Court may order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the superseding indictment which are to be dismissed and all other uncharged related criminal activity.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States

11

makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution.

f. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant, which will be used by the USAO to evaluate the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

g. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of defendant's fulfillment of this obligation at the time of sentencing.

h. The defendant certifies that defendant has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that defendant will make no such transfers in the future.

i. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or

12

receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18.** **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19.** **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw defendant's plea of guilty.

The defendant also understands and agrees that in the event defendant violates this plea agreement, all statements made by defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any rights that defendant might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

13

Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

20. **Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that defendant is satisfied with the assistance of counsel, and that counsel has fully advised defendant of defendant's rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, defendant's attorneys or any other party to induce defendant to plead guilty.

21. **Sex Offender Registration.** Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. The defendant understands that defendant shall keep defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever

14

state defendant resides following release from prison, and defendant will be subject to the registration requirements of that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in *Missouri*, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

15

**23.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Tammy Dickinson
United States Attorney

Dated:   02/14/2014                         /s/ Patrick D. Daly
                                            Patrick D. Daly
                                            Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the superseding indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated:   02/14/2014                         /s/ Tony Eugene Wardlow
                                            Tony Eugene Wardlow
                                            Defendant

I am defendant Tony Eugene Wardlow's attorney. I have fully explained to defendant the rights defendant has with respect to the offenses charged in the superseding indictment. Further, I have reviewed with defendant the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, Tony Eugene Wardlow's decision to enter into this plea agreement is an informed and voluntary one.

Dated:   02/14/2014                         /s/ Laine Cardarella
                                            Laine Cardarella
                                            Attorney for Defendant

16