# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-00083-01-CR-W-DW |
| | ) | |
| TONY EUGENE WARDLOW, | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Comes now the defendant, Tony Eugene Wardlow, by and through counsel Laine Cardarella, Federal Public Defender, and submits the following in support of his request for a sentence of 10 years, the mandatory minimum sentence available to the Court.

### The Guideline Calculations

The presentence report which has been submitted to the Court contains several errors in the guideline calculations, all of which were objected to. Each of Mr. Wardlow's objections should be sustained.

#### Base offense level

The base offense level for Mr. Wardlow's offense of conviction is found at USSG § 2G1.3, and is offense level 24. The probation department erroneously used a cross-reference to 2A3.1 (a)(2), which is the guideline range for Criminal

Sexual Abuse.  The elements of criminal sexual abuse (18 USC 2241 and 2242) which give rise to the use of 2A3.1 to determine the base offense level include the use of force, a threat of death, serious bodily injury or kidnapping, or threatening and causing fear other than of death, serious bodily injury or kidnapping.  Mr. Wardlow did not engage in sexual acts with AR through force or threats.  AR did, at some point during her protection by the FBI, allege that Mr. Wardlow had been abusive to her.  However, she did not initially make allegations of abuse.  In fact, AR said that Mr. Wardlow had her do "weird things" but refused to discuss them either in person or in writing with the FBI agents.  The evidence of any force or threats does not rise to the level of proof beyond a reasonable doubt, which should be the standard if the Court intends to use the guidelines in calculating Mr. Wardlow's sentence.  At any rate, the evidence of any force or threats does not even rise to a preponderance of the evidence.

*Adjustments to the base offense level*

Because Mr. Wardlow's guideline range should be calculated using 2G1.3, and not 2A3.1, the enhancement applied at paragraph 12 is also an error.  As noted above and in the objections to the presentence report, Mr. Wardlow did not abuse, use force, or threaten AR to engage in sexual acts.

The enhancement applied in Paragraph 17 is also an error. This enhancement requires that the defendant have a prior conviction involving sex acts with a minor. The enhancement is premised on Mr. Wardlow's *Alford* plea in Nodaway County, Missouri. On June 23, 1997, Mr. Wardlow was charged by Information with: endangering the welfare of a child in the first degree, in violation of Mo. Rev. Stat. §568.045 (Counts I and II); the Class A misdemeanor of sexual misconduct, in violation of Mo. Rev. Stat. §566.090 (Count III); and sexual abuse in the first degree, in violation of Mo. Rev. Stat. §566.100 (Counts IV and V). All of the conduct alleged in the Information was to have occurred between May, 1992, and August, 1992.

Mr. Wardlow entered an *Alford* plea on all counts. The Judgment states that the court found Mr. Wardlow guilty of Counts I, II, and III. The court did *not* make a finding of guilt as to Counts IV and V.

On July 28, 1997, the court sentenced Mr. Wardlow to concurrent terms of five years imprisonment on each of Counts I and II, and one year on Count III. The court suspended the execution of the sentence and placed Mr. Wardlow on probation for a total of five years. As to Counts IV and V, the court approved a Diversion Agreement that the parties entered into and sealed the agreement.

Mr. Wardlow objects to the § 4B1.5(a) enhancement, because none of the offenses for which a finding of guilt was made in his *Alford* plea qualify as a prior

sex offense conviction.  Application of the enhancement is analyzed with the categorical approach – looking only to the elements of the offenses, not the underlying conduct – as set forth in *Descamps v. United States*, 570 U.S. ---, 133 S.Ct. 2276 (2013).  See, *United States v. Lockwood*, 446 F.3d 825 (8th Cir. 2006) (applying modified categorical approach to determine whether the defendant's prior state conviction supported a § 4B1.5(a) enhancement); also see *United States v. Jeffries*, 569 F.3d 873, 877 (8th Cir. 2009) (citing *Lockwood* and applying categorical approach to a § 4B1.5(a) enhancement); *United States v. Springer*, 315 Fed. Appx. 703, 708 n. 8 (8th Cir. 2009) (government conceded that district court erred by failing to apply categorical or modified categorical approach to application of § 4B1.5(a) enhancement, although court did not reach this issue); *United States v. Martinez*, 756 F.3d 1092, 1097 n. 6 (8th Cir. 2014) (*Descamps* applies to Guidelines provisions as well as to the Armed Career Criminal Act).

The first step in the analysis is to look to the elements of the purported prior sex offense conviction.  The Nodaway County Information charged endangering the welfare of a child in the first degree under Mo. Rev. Stat. § 568.045.  In 1992, at the time of the conduct alleged in the Nodaway County case, endangering the welfare of child in the first degree did not have as an element any type of sexual contact.  The statute read: "A person commits the crime of endangering the welfare of a child in the first degree if he knowingly acts in a manner that creates a

substantial risk to the life, body, or health of a child less than seventeen years old."
1990 Mo. Legis. Serv. H.B. 1370, 1037, and 1084 (Vernon's).[1]

The statute in effect in 1992 was not divisible. It does not contain a divisible portion that categorically includes a sex offense. The crime of which Mr. Wardlow was convicted did not require the factfinder to make the determination that he had some type of sexual contact with a minor, therefore the categorical analysis is at an end. *Descamps*, 133 S.Ct. at 2293. Mr. Wardlow's convictions for endangering the welfare of a child cannot be used as predicate offenses for a § 4B1.5(a) enhancement.

Even if a modified categorical approach is applied, Mr. Wardlow's convictions for endangering the welfare of a child cannot be used as predicate offenses for a § 4B1.5(a) enhancement. Counts I and II of the Information fail to allege any sexual conduct. The plea transcript does not contain any admission to sexual contact with the minors with respect to Counts I and II.

---

[1] On January 1, 1995, a second subsection went into effect, stating that a person commits endangering the welfare of a child in the first degree if "[h]e knowingly engages in sexual conduct with a person under the age of seventeen years over whom he is a parent, guardian, or otherwise charged with the care and custody." Mr. Wardlow was not convicted of this offense because it did not exist in 1992, but also because the Information failed to charge that he was the parent, guardian or otherwise charged with the care and custody of the minor involved.

Count III of the Information charging Mr. Wardlow with the class A misdemeanor of sexual misconduct in the first degree, in violation of Mo. Rev. Stat. § 566.090, also cannot be used to enhance Mr. Wardlow's sentence. In 1992, § 566.090 set forth the offense of sexual misconduct. The statute provided as follows:

> 1. A person commits the offense of sexual misconduct if:
> (1) being less than seventeen years old, he has sexual intercourse with another person to whom he is not married who is fourteen or fifteen years old; or
> (2) he engages in deviate sexual intercourse with another person to whom he is not married and who is under the age of seventeen years; or
> (3) he has deviate sexual intercourse with another person of the same sex.
>
> 2. Sexual misconduct is a class A misdemeanor.

(L.1977 S.B. 60) Effective 1-1-79

The Information, however, alleges that Mr. Wardlow "purposely subjected J.D. to sexual contact without J.D.'s consent." This language does not charge a violation of § 566.090 as that offense was defined in 1992. In 1992, at the time of the alleged criminal conduct in Nodaway County, Mr. Wardlow could only have been convicted of sexual misconduct if the State proved beyond a reasonable doubt, or Mr. Wardlow admitted, that he engaged in deviate sexual intercourse with another person to whom he was not married and who was less than 17 years of age or was of the same gender as Mr. Wardlow. At that time, deviate sexual

intercourse was defined as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Mo. Rev. Stat. § 566.010(2).[2]

The Information did not charge Mr. Wardlow with having deviate sexual intercourse and he never admitted having deviate sexual intercourse with another person. He was not convicted of sexual misconduct under § 566.090 as that statute existed in 1992.

It will not suffice to say that because Mr. Wardlow entered an *Alford* plea to sexual contact with J.D., he therefore must have some type of prior conviction for a sex offense. Based on counsel's research, there was no statutory offense in Missouri in 1992 that criminalized subjecting another person to sexual contact without consent. In 1992, sexual abuse in the first degree occurred if the defendant subjected another person to sexual contact without that person's consent *by the use of forcible compulsion*. 1991 Mo. Legis. Serv. H.B. 566 (Vernon's). Sexual abuse in the first degree included subjecting another person to sexual contact if the person was *less than 12 years old*. *Id*. Sexual abuse in the second degree occurred if the defendant subjected another person *to whom he was not married* to sexual contact, when the other person *was incapacitated or 12 or 13 years old*. 1994 Mo.

---

[2] Sexual misconduct did not include sexual contact -- defined as "any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person" – until a revision of the statute became effective on January 1, 1995. Mo. Rev. Stat. § 566.010(3).

Legis. Serv. S.B. 693 (Vernon's).  Sexual abuse in the third degree occurred if the defendant subjected another person *to whom he was not married* to sexual contact without that person's consent.  *Id*.

Each of these statutes either required proof of the victim's age or proof that the defendant was not married to the victim.  None of the statutes criminalized sexual contact without consent until § 566.090 took effect on January 1, 1995.  Thus, even if it could be said that Mr. Wardlow's *Alford* plea constitutes and admission to sexual contact with J.D., that admission was inadequate to support a conviction.  Count III cannot serve as the predicate offense for a § 4B1.5(a) enhancement.

The § 4B1.5(a) enhancement does not apply because Mr. Wardlow has no prior sex conviction, therefore this Court should not enhance Mr. Wardlow's offense level to 37 nor increase his criminal history category from II to V.

The Probation Officer responded to Mr. Wardlow's objection to the § 4B1.5(a) enhancement, stating that if § 4B1.5(a) is inapplicable, "the provisions of § 4B1.5(b) may still apply in the alternative" (DCD 171, PSIR at p. 17).  The commentary to § 4B1.5(b) says that a defendant has engaged in a "pattern of activity . . . if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor."  U.S.S.G. § 4B1.5, cmt. note 4(B)(i).  The

probation officer did not state what facts constitute the separate occasions which demonstrate a pattern of activity involving prohibited sexual conduct with a minor.

Mr. Wardlow objects to the application of this enhancement, because there is no pattern of prohibited sexual conduct. The Nodaway County convictions for endangering the welfare of a child and misdemeanor sexual misconduct in conjunction with the offense of conviction in this case do not create a pattern of prohibited sexual conduct with minors. The conduct alleged in the Nodaway County case occurred in 1992, while the conduct forming the basis of the commercial sex trafficking conviction in this case occurred in September of 2011. The 19 year span between the convictions dispels the notion that there has been a pattern of prohibited conduct.

Mr. Wardlow objects to the use of the Nodaway County convictions in the § 4B1.5(b) analysis, because the allegations contained in paragraph 23 of the PSIR are based on hearsay statements lacking sufficient indicia of reliability to support their probable accuracy. See, U.S.S.G. § 6A1.3 ("the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy"); *United States v. Wise*, 976 F.2d 393, 402-404 (8th Cir. 1992) (discussing cases in which adequate indicia of reliability was

established).  Mr. Wardlow disputes the veracity of all allegations recited in paragraph 23 of the PSIR.

The fact that Mr. Wardlow was convicted in Nodaway County does not corroborate the allegations of abuse.  Normally the mere fact of conviction would serve to corroborate the factual allegations underlying the conviction, because the facts were either deemed credible by a jury or were admitted by the defendant in a guilty plea and, therefore, possess indicia of reliability.  That is not the case here.  Mr. Wardlow has always denied the allegations of abuse and for that reason entered an *Alford* plea.  The hearsay statements by the alleged victims of abuse are not inherently reliable.  The government must provide some evidence demonstrating indicia of reliability.

An occasion of prohibited sexual conduct may be considered "without regard to whether the occasion . . . occurred during the course of the instant offense . . . or resulted in a conviction for the conduct that occurred on that occasion." § 4B1.5 cmt. note 4(B)(ii).  Separate occasions of prohibited sexual conduct during the course of the offense with the same minor may warrant imposition of the enhancement.

The conduct underlying Mr. Wardlow's conviction on Count I of the Second Superseding Indictment was one occasion for purposes of § 4B1.5(b).  The instant offense was for transporting a minor for prostitution.  Mr. Wardlow does not have

a pattern of transporting minors across state lines for the purpose of having sex with them.

Finally, Mr. Wardlow is deserving of a reduction for acceptance of responsibility. Mr. Wardlow did admit his criminal conduct when he entered a guilty plea in February, 2014. In that binding guilty plea agreement, Mr. Wardlow agreed to a sentence of three months for a violation of 18 USC 2421, and a consecutive 10 years pursuant to 18 USC 2260(A). The Court rejected that plea agreement, believing that a three month consecutive sentence was insufficient. (The Court did suggest that a one year consecutive sentence would be sufficient, but the parties were unable to reach an agreement after the binding plea was rejected.) Subsequent to the Court's decision to reject the binding plea agreement, Mr. Wardlow filed a motion to dismiss the allegations that he had violated 18 USC 2260(A). The government did dismiss that count.

The Court's rejection of the plea agreement was not based on Mr. Wardlow's failure to make an adequate factual basis or to accept responsibility for his conduct. Mr. Wardlow does deserve a two level reduction for having accepted responsibility in this case.

The correct guidelines calculations in this case are a base offense level of 24, a two-level enhancement pursuant to 2G1.3(b)(4)(A), and a two-level reduction for acceptance of responsibility. Mr. Wardlow's sentencing guideline range is 57-71

months.  Without a reduction for acceptance of responsibility, the range is 70-87 months.  A sentence of 10 years, the statutory minimum, is an upward variance from the accurately calculated guideline range.

*Other sentencing factors*

A thorough analysis of the sentencing factors leads to the conclusion that a sentence of 10 years, the statutory mandatory minimum sentence, is sufficient but not greater than necessary to meet the statutory goals of sentencing.

The history and characteristics of Mr. Wardlow reflect a need for a sentence of no more than 10 years.  As noted *infra*, Mr. Wardlow is not a repeat sex offender.  As a result of the broad wording of the sex offender registration laws, Mr. Wardlow has been required to register as a sex offender for several years.  Mr. Wardlow has complied with that requirement, in spite of the fact that there was no registration requirement when he entered his *Alford* plea in Nodaway County, MO. Mr. Wardlow's only other serious prior conviction is for felon in possession of a firearm.  Mr. Wardlow clearly learned a lesson from that offense.  He did not have a cache of firearms in his home, and the jury found that he did not possess the guns that were found and with which he was charged.

The nature and circumstances of the offense also prove that a sentence of 10 years is sufficient.  AR prostituted herself before she met Mr. Wardlow, and continued to do so after Mr. Wardlow ended their relationship.  While Mr.

Wardlow's conduct with AR may have been criminal, he did not force or compel her to prostitute herself.

A sentence of 10 years will promote respect for the law, protect the public from any future crimes by Mr. Wardlow (who is now 56 years old), and deter similar criminal conduct. What's more, a sentence of 10 years will provide more than adequate opportunity for Mr. Wardlow to avail himself of rehabilitative programs offered by the Bureau of Prisons.

*Conclusion*

The statutory mandatory minimum sentence for Mr. Wardlow's offense of conviction is 10 years. Mr. Wardlow respectfully requests that the Court impose a sentence of no more than 10 years in this case.

Respectfully submitted,

/s/Laine Cardarella
LAINE CARDARELLA
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that the foregoing motion was electronically filed and sent to Patrick D. Daly, Assistant United States Attorney, this 7th day of August, 2015.

/s/Laine Cardarella
Laine Cardarella