**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 13-00083-01-CR-W-DW |
| v. | |
| TONY EUGENE WARDLOW, | |
| Defendant. | |

## <u>SENTENCING MEMORANDUM OF THE UNITED STATES</u>

Comes now the United States of America, by and through Tammy Dickinson, United States Attorney, and Patrick D. Daly, Assistant United States Attorney, and respectfully submits this Sentencing Memorandum in response to some of the defendant's objections to the Presentence Investigation Report ("PSR"). Upon consideration of the defendant's conduct in this case, the appropriate and applicable base offense level and enhancements, and the relevant factors found under 18 U.S.C. § 3553, the Government recommends a Guidelines sentence, or at least 324 months imprisonment. In support of its position, and in advance of the sentencing hearing, the Government offers the Court the following background, authorities, and arguments.

On December 17, 2014, defendant Tony Eugene Wardlow ("defendant") was convicted at trial for the transportation of a minor for prostitution between September 18 and 21, 2011, in violation of 18 U.S.C. §§ 2423(a) & (e), 2426, and 2. The evidence offered at trial, through the extensive testimony of the minor victim, co-conspirator, a recorded interview of the defendant, and numerous pieces of corroborating evidence gathered by law enforcement. The "Offense Conduct" as detailed in the Presentence Investigation Report ("PSR") paragraphs 2 through 6

adequately summarizes the evidence gathered in the course of this investigation and mirrors the evidence offered at trial.

## I. Offense Level, Enhancements, and Defendant's Objections

Defendant was convicted at trial of one count of transportation of a minor for prostitution (Count One of the Second Superseding Indictment). Upon consideration of the evidence offered at trial, the United States Probation Office ("USPO") has provided an analysis of these offenses in its PSR pursuant to the United States Sentencing Guidelines ("Guidelines" and "U.S.S.G."). Defendant objects to the base offense level calculation and each and every enhancement flowing from it; the USPO addresses each of these objections within its final PSR.

| Transportation of a Minor for Prostitution (Ct. 1) | | | | |
|---|---|---|---|---|
| PSR | U.S.S.G. § | Specific Offense Characteristic | Level | Defense Objection? |
| ¶ 11 | 2G1.3(a) (cf. w/ 2G1.3(c)(3) & 2A3.1(a)) | Base offense level | 30 | Yes |
| ¶ 12 | 2A3.1(b)(1) | Involved conduct described in 18 U.S.C. § 2241(a) | +4 | Yes |
| ¶ 17 | 4B1.5(a)(1) | Sex crime offense subsequent to sex offense conviction | Adj. 37 | Yes |
| ¶ 19 | | Adjusted Offense level= | 37 | |

### A. <u>Base Offense Level and 2A3.1 Adjustment</u> (PSR ¶¶ 11, 12)

The jury found beyond a reasonable doubt at trial that defendant transported a minor for prostitution. The minor victim testified at trial, and her testimony involved allegations that defendant threatened her with violence and derived sexual gratification from abusive sexual acts he performed on her. The minor victim was cross-examined relating to these allegations, and additional cross-examination of Mr. Farrell also occurred at length regarding these allegations. The minor victim's statements and those contained in her contemporaneous journal notes were consistent with those provided to law enforcement at the outset of its investigation.

2

Because defendant engaged in conduct that caused "another person to engage in a sexual act…by using force against that other person…or by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping" (18 U.S.C. § 2241(a)), the PSR appropriately applies the Guidelines to arrive at a base offense level of 30 (application of U.S.S.G. § 2G1.3(c)(3) cross reference to § 2A3.1).

This evidence presented at trial is more than sufficient for this Court to find that defendant used force in the course of his sexual activity with the minor victim, and there was evidence presented at trial that defendant made threats towards this victim should she ever contact law enforcement.

Defendant likewise objects to the adjustment pursuant to U.S.S.G. § 2A3.1(b)(1), which provides for a four level enhancement if defendant's actions involved "conduct described in 18 U.S.C. § 2241(a)." The same underlying factual considerations apply to this adjustment as to the cross-reference under U.S.S.G. § 2A3.1(a)(1).

### B. U.S.S.G. § 4B1.5 Adjustment (PSR ¶ 17)

On June 23, 1997, defendant was charged in a five count Information, charging him with endangering the welfare of a child in the first degree against child victims J.D. and C.G. (Counts I and II, in violation of MO. REV. STAT. § 568.045), sexual misconduct in the first degree against J.D. by purposely subjecting J.D. to sexual contact without J.D.'s consent (Count III, in violation of MO. REV. STAT. § 566.090), and sexual abuse in the first degree by subjecting J.D. and C.G. to sexual contact by the use of forcible compulsion (Counts IV and V, in violation of MO. REV. STAT. § 566.100). (PSR ¶ 23). All of the conduct in this Information was charged to have occurred between May and August of 1992, during which time both victims

3

would have been approximately 9 and a half years old. Defendant entered an Alford plea to Counts I, II, and III of this Information, and as per a deferral agreement filed by the prosecution and the defendant, the court deferred its finding of guilt on Counts IV and V (the court did accept defendant's Alford plea to those counts as well). (PSR ¶ 23).

The defendant is appropriately assessed a higher adjustment by virtue of these prior convictions. U.S.S.G. § 4B1.5(a) provides an enhanced offense level and criminal history assessment if the instant offense of conviction is a covered sex crime, and if the defendant committed the instant offense of conviction "subsequent to sustaining at least one sex offense conviction." U.S.S.G. § 4B1.5(a). A "sex offense conviction" is defined by the Guidelines as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)…if the offense was perpetrated against a minor." *See* U.S.S.G. § 4B1.5(a), Application Note 3(A)(ii). In turn, the offenses described in 18 U.S.C. § 2426(b)(1)(A) are those found under the "Sexual Abuse" or Sexual Exploitation and Other Abuse of Children chapters (Title 18, chapters 109A and 110) or a sex trafficking offense ("section 1591"). More relevant to this discussion, a "sex offense conviction" also applies if the offense occurred "under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime or territorial jurisdiction of the United States." In essence, this 18 U.S.C § 2426(b)(1)(B) presumes that the conduct forming the basis for the offense of conviction otherwise satisfied the jurisdictional bases required for the various federal offenses found under Title 18, chapters 109A and 110.[1]

---

[1] The Defendant was put on notice of the Government's view that he was a "Repeat Offender" as contemplated under 18 U.S.C § 2426, as he was charged in the transportation of a minor for prostitution offense in violation of 18 U.S.C §§ 2423(a) and (e), as well as § **2426**.

4

Defendant's conduct giving rise to his underlying convictions would suffice for potential charges under Title 18, chapter 109A (found in 18 U.S.C. §§ 2241-2248). Some of these contemplated offenses are Aggravated Sexual Abuse with Children (18 U.S.C. § 2241(c)), Sexual Abuse (18 U.S.C. § 2242) and Abusive Sexual Contact (18 U.S.C. § 2244(c)). Transposing the underlying conduct of the predicate convictions upon those State charges – and presuming the federal jurisdictional requirement as the statute requires – provides a more than adequate basis to find that these previous convictions classify as prior "sex offense conviction(s)" in light of the guidance found in U.S.S.G. § 4B1.5(a), Application Note 3(A)(ii).

Defendant's objection that the prior conviction came in the form of an "Alford plea" is immaterial. The Eighth Circuit has interpreted that "the term 'conviction' in § 4B1.5(a) as only requiring an adjudication of guilt." United States v. Leach, 491 F.3d 858, 867 (8th Cir. 2007); see also, United States v. Babcock, 753 F.3d 587 (6th Cir. 2014).

Alternatively, and as the PSR notes, defendant's conduct gives rise to a heightened guidelines range under the application of the other prong of § 4B1.5. U.S.S.G. § 4B1.5(b) provides for heightened exposure if the previous subsection (i.e. predicate sex offense conviction) does not apply and defendant "engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b). A "pattern of activity" is established when the "defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5 Application Note 4(B)(i); see also United States v. Benais, 460 F.3d 1059 (8th Cir. 2006) ("The district court applied…a five-level enhancement under U.S.S.G. § 4B1.5(b) based on the fact that Benais had engaged in prohibited sex with minors on at least two other

5

occasions…").   In the instant case, there was ample evidence offered at trial – in the form of victim and coconspirator testimony, hotel records, and the defendant's own admissions – that defendant engaged in prohibited, prostitution sexual activity with this minor on multiple occasions and on various separate dates over a number of weeks.

**C.      Acceptance of Responsibility (PSR ¶ 9)**

Defendant feels his previous decision to plea guilty entitles him to an "acceptance of responsibility" adjustment notwithstanding his decision to go to trial.   Defendant was offered additional deals that were near identical to the one he initially accepted, even on the eve of trial, yet he continually refused these additional offers.   Defendant's PSR objections are likewise replete with objections to facts fully considered and adjudged by the trial jury in this case.   The PSR appropriately refuses to adjust for any acceptance of responsibility.

## II.      Government's View of 3553(a) Factors

As demonstrated herein and at trial, defendant's conduct was squarely within the heartland of the relevant and applicable sentencing provisions contemplated by the Guidelines and the sentencing commission.   To the extent these offenses propose a lengthy sentence, it was defendant's heinous immediate and past conduct that is egregious, not the resultant outcome consistent with a fair reading and interpretation of the facts in light of the Guidelines.   The Guidelines, while advisory, exist to provide some measure of proportionality to similarly situated individuals convicted of similar crimes, and a sentence within the Guidelines is considered presumptively reasonable.

Defendant has a troubling history of sex offenses against children.   The nature and circumstances of these offenses (PSR ¶¶ 2-6), in concert with the history and characteristics of

6

this defendant (PSR ¶¶ 23, 32-36, 39-41), justify a very high sentence. Defendant's past sexual abuse of children is demonstrated in the PSR. As far as treatment being offered in lieu of a lengthy sentence, he has a history of being non-amenable to sex offender treatment. (PSR ¶ 39). Defendant would obtain the same treatment options (if not more) while in custody as he would obtain if released.

A Guidelines sentence of at least 324 months would reflect the seriousness of these offenses, promote respect for the law, and provide just punishment for these offenses. Given his ongoing sexual offenses involving minors, a sentence of this length would be the only thing that could adequately deter future criminal conduct and protect the public (and its most at-risk children) from further crimes perpetrated by this defendant.

## SUMMATION

The Government recommends a sentence of at least 324 months, which is at the low end of the appropriate Guidelines calculation. Upon a lengthy and extensive review of any and all applicable provisions of the statutes and the facts and circumstances of this case, there exists no basis for a downward departure or variance, or a consideration of 3553(a) factors, which would justify a sentence below the term prescribed by the Guidelines.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By   */s/ Patrick D. Daly*

Patrick D. Daly
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-4249

Attorneys for the United States

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on the 7th day of August, 2015 to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Patrick D. Daly*

Patrick D. Daly
Assistant United States Attorney

8