**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| TONY EUGENE WARDLOW, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No.  18-00509-CV-W-BCW-P |
| | ) | Crim. No. 13-00083-CR-W-BCW-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Movant Tony Eugene Wardlow was convicted of transporting a minor for the purpose of prostitution in violation of 18 U.S.C. § 2423(a). Before the Court is his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Doc. 1.[1]  Movant contends his counsel rendered ineffective assistance and he alleges one due process violation.  For the reasons set forth below, Movant's motion is denied and a certificate appealability is denied.

### I.       Background

On March 13, 2013, a grand jury sitting in the Western District of Missouri returned a second superseding indictment charging Movant with commercial trafficking of a child, in violation of 18 U.S.C. §§ 1591(a) and (b)(2) and 1594(a) (Count One); transportation of a minor for prostitution, in violation of 18 U.S.C. §§ 2423(a) and (e), 2426, and 2 (Count Two); commission of a felony offense involving a minor when required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count Three); and for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Four).  Crim. Doc. 78.

The case proceeded to trial on December 15, 2014, before District Judge Dean Whipple, on the charges of transportation of a minor for prostitution (Count Two), and for being a felon in possession of a firearm (Count Four).  Crim. Doc. 153.  A jury returned verdicts of guilty as to Count Two, and not guilty on Count Four.  Crim. Doc. 161.

As summarized by the United States Court of Appeals for the Eighth Circuit, the evidence at trial was as follows:

---

[1] "Crim. Doc." refers to the docket number entries in Movant's underlying criminal case.  "Doc." refers to the docket number entries in this civil case.

At trial, the minor ("A.R.") testified that in August of 2011 she met Wardlow on Independence Avenue in Kansas City, Missouri, where she worked as a prostitute. She was sixteen years old at the time. The Defendant became a "regular" client, meaning that she engaged in sex with him in exchange for money two to three times per week. She testified that having a "regular" provided a more stable income for her than soliciting "tricks" on Independence Avenue. She testified that she would give a "regular" more time and attention, but would not form an emotional attachment to them. A.R. testified that Wardlow was sometimes nice but other times he would "say things, inhumane things, place ideas into my head of fear, make me in fear, degrade me, a lot of things like that." (Trial Tr. vol.1, 23). A.R. stated that Wardlow would pick her up and drive her to places in Missouri where "it's very common for girls to end up dead there," and he would tell her that was where she would end up. Wardlow told her that she was "just a black prostitute, that nobody would come and look for [her]." *Id.* A.R. explained that Wardlow provided her with a mobile phone so that he could contact her. When asked whether anyone else knew the phone number, A.R. stated that she gave the phone number to someone else "because at that time I was in fear that I wasn't going to make it through anything, so I really just wanted somebody to have a number to get ahold [sic] of me like if there was no more contact between me and my family." (Trial Tr. vol. 1, 24).

A.R. testified that Wardlow, an over-the-road truck driver, took her along on certain trips for the purpose of having sex with him and his friends. On one occasion, the Defendant, A.R., and his friend, Tom Farrell, took a trip to St. Louis. A.R. testified that she had sex with both men during the trip and was paid for the sex. This testimony was corroborated by the government's witness, Tom Farrell. A.R. testified that she was always paid in cash because she had to pay her pimp in cash but frequently the Defendant would supplement the cash with payment in kind. These payments were given in the form of food, clothing, and drugs. Wardlow took A.R. to Texas on another long-haul trip in late September of 2011. Again, Tom Farrell traveled with them and testified that the Defendant brought A.R. along to have sex with both men. A.R. testified that she had sex with Tom and Tony on this trip. Farrell and A.R. both testified that Wardlow's plan was to set A.R. up in an apartment in St. Joe, Missouri, so that she would be available to Wardlow and his friends at any time.

*United States v. Wardlow*, 830 F.3d 817 (8th Cir. 2016).

On April 20, 2015, a final presentence investigation report (PSR) was issued. Crim. Doc. 171. The PSR calculated a base offense level of 30 pursuant to U.S.S.G. §2A3.1(a)(2). *Id.* at 6. Pursuant to U.S.S.G. §2A3.1(b)(1), the PSR added a four-level enhancement because the offense involved conduct described in 18 U.S.C. § 2241(a). *Id.* Movant's total offense level then was increased to 37, pursuant to §4B1.5(a)(1), because Movant was determined to be a repeat and dangerous sex offender against minors. *Id.* That enhancement was based on Movant's criminal

2

history, which included a conviction of two counts of first-degree endangering the welfare of a child and first-degree sexual misconduct in Nodaway County, Missouri (Case No. CR797-3F). *Id.* Movant's criminal history score was three. *Id.* at 8. Movant is a repeat and dangerous sex offender against minors. Thus, pursuant to U.S.S.G. §4B1.5, his criminal history category in the PSR was V. *Id.* This established a Guidelines range of 324 to 405 months' imprisonment and a statutory range of a minimum of 10 years' imprisonment and a maximum of life imprisonment. *Id.* at 11-12.

On August 12, 2015, Movant appeared for sentencing. Crim. Doc. 189. At that hearing, Movant's attorney objected to the base offense level's cross-reference to U.S.S.G. §2A3.1 ("Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse") and a "pattern of prohibited sexual conduct" enhancement under U.S.S.G. §4B1.5 ("Repeat and Dangerous Sex Offender Against Minors"). The Court ruled that the cross-reference to §2A3.1(b)(1) was appropriate based on the trial testimony that Movant engaged in sexual activity with a minor as described in 18 U.S.C. § 2241(a). *Id.* at 7-9.

After discussion over Movant's status as a sex offender due to his previous sex offense convictions involving minors, as well as his numerous instances of prohibited sexual conduct with the minor victim in August and September of 2011, the Court ruled that sufficient evidence at trial supported the application of the five-level enhancement under U.S.S.G. §4B1.5(b) because Movant engaged in a pattern of sexual activity with the minor victim on at least two separate occasions. *Id.* at 26-30. The Court found that the trial testimony showed a repeated pattern of sexual activity with the minor victim other than in the State of Missouri. *Id.* at 30.

The Court determined that Movant had a criminal history category of II, with an adjusted base offense level of 39, resulting in a Guidelines range of 292 to 365 months' imprisonment. *Id.* at 34. After Movant and the Government made sentencing recommendations, the Court varied downward from the Guidelines and sentenced Movant to 250 months' imprisonment. *Id.* at 48-49. The Court also imposed 5 years of supervised release and additional conditions. *Id.*

On appeal, Movant argued that the Court abused its discretion when it limited his cross-examination of the minor victim and Detective Wilczek in violation of the Sixth Amendment; committed procedural error when it incorrectly applied a cross-reference to U.S.S.G. §2A3.1 and incorrectly calculated the advisory Guidelines range; and, committed procedural error when it incorrectly applied a five-level enhancement pursuant to U.S.S.G. §4B1.5(b). The Eighth Circuit

affirmed the judgment and sentence and denied a hearing en banc. *Wardlow*, 830 F.3d 817. Movant's writ of certiorari was denied. *Wardlow v. United States*, 138 S.Ct. 67 (2017). Movant then timely filed the instant motion to vacate or reduce his sentence.

## II.     Legal Standard[2]

Title 28 U.S.C. § 2255 provides that an individual in federal custody may file a motion to vacate, set aside, or correct his or her sentence by alleging "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" A motion under this statute provides a statutory avenue through which to address constitutional or jurisdictional errors and errors of law that "constitute[ ] a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citations omitted).

A claim of ineffective assistance of counsel may be sufficient to attack a sentence under § 2255; however, the "movant faces a heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In such cases, the Court must scrutinize the ineffective assistance of counsel claim under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* Under *Strickland*, a prevailing defendant must prove "both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). As to the "deficiency" prong, the defendant must show that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *Id.* (quoting *Hayes v. Lockhart*, 766 F.2d 1247, 1251 (8th Cir. 1985)). As to the "prejudice" prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cheek*, 858 F.2d at 1336 (quoting *Strickland*, 466 U.S. at 694). To be sure, "[c]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather

---

[2] Upon review of the record and the law, Respondent's position is found to be persuasive. Much of Respondent's brief is adopted without quotation designated.

4

than statements of fact." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) (citation omitted). Additionally, a petition that consists only of "conclusory allegations unsupported by specifics [or] contentions that, in the face of the record, are wholly incredible," is insufficient to overcome the barrier to an evidentiary hearing on a § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### III.    Discussion[3]

Movant asserts his counsel was ineffective: (1) for failing to file a timely notice under Federal Rule of Evidence 412; (2) for conceding that the mistake-of-fact defense was not available; (3) for "incorrectly" objecting to a §4B1.5(b) enhancement; and (4) for failing to object to the imposition of additional and special conditions of his supervised release. Movant also argues the Court violated his right to due process by precluding a mistake-of-fact defense. Docs. 1, 2.

### A.    Ground One is without merit.

Movant argues his counsel was ineffective for "failure to file timely Rule 412 'Notice of Intent' to offer evidence." Doc. 1 at 4. The crux of Movant's argument is that the failure to file a pre-trial notice under Federal Rule of Evidence 412 precluded counsel from presenting evidence that Movant believed he was in a relationship with the victim and cross-examining the victim as to that issue. Although Movant's counsel did file an untimely Rule 412 motion, the motion was denied on the merits; further, at trial, counsel argued that Movant lacked the intent required to prove the trafficking charge because he considered the victim his girlfriend. Movant's counsel then attempted to cross-examine the victim about her testimony that she would not develop an emotional attachment to a client. The Court affirmed its pre-trial ruling denying the proffer.

While Movant concedes that his attorney filed a motion and challenged the Court's ruling on direct appeal, he argues ineffectiveness based on a footnote in the Eighth Circuit's opinion stating that his attorney's Rule 412 notice was untimely. Doc. 2 at 3-4. However, the motion was denied on the merits at trial, as follows:

> As for Defendant's request to admit evidence regarding [victim's] sexual conduct prior to the charge period pursuant to F.R.E. 412(b) and (c), the Court finds that the request is untimely as it was filed less than 14 days before the date set for trial, as well as beyond the deadline for filing any pretrial motions, and fails to show good cause for its untimeliness. In any event, evidence of [victim's] prostitution prior to the charge period "is immaterial" and would be excluded on that basis.

---

[3] For ease of analysis, the claims are addressed out of order.

5

Case 4:13-cr-00083-BCW    Document 204    Filed 12/18/18    Page 5 of 12

Crim. Doc. 135 at 7 (quoting *United States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014) ("whether [minor] engaged in acts of prostitution before or after her encounters with [defendant] is irrelevant, and would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing her to engage in a commercial sexual act"). Movant's counsel reasserted the issue during the trial and was overruled. Crim. Doc. 192 at 34-35. Regardless, on direct appeal, the Eighth Circuit addressed the matter substantively, ruling that the questions proffered at trial were irrelevant and inadmissible under Rule 412, stating "[t]he question which he proffered regarding [victim's] feelings for Mr. Warren did not tend to prove [Movant's] state of mind, but rather [victim's] state of mind. *Wardlow*, 830 F.3d at 820-21. Thus, Movant has not shown deficient performance.

Movant similarly cannot show that he was prejudiced because the Court revisited the Rule 412 issue during trial and ultimately excluded Movant's proposed evidence for reasons other than the untimeliness of the initial Rule 412 notice, which was affirmed on its substance.

Movant cannot show prejudice for the additional reason that the record contains overwhelming evidence of guilt. "When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice." *Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) (citing *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052; *Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir. 1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of [petitioner's] guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under *Strickland*.")). *See also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002) (ruling that Movant could not establish prejudice where counsel did not reassert Rule 412 motion because evidence of guilt was overwhelming).

Here, as detailed above, the record includes the victim's testimony that Movant took her along on trips for the purpose of having sex with him and his friends. On one occasion, the Movant, the victim, and his friend, Farrell, took a trip to St. Louis, and the victim had sex with both men during the trip and was paid for the sex. Farrell corroborated the victim's testimony. Further, the victim testified that she was always paid in cash because she had to pay her pimp in cash but frequently Movant would supplement the cash with payment in kind. These payments were given in the form of food, clothing, and drugs. Further, Movant took the victim to Texas on a long-haul trip in late September of 2011. Again, Farrell traveled with them and testified that the Defendant brought the victim along to have sex with both men. The victim also testified that she had sex

with the two men on this trip.

This ground is denied.

**B.      Grounds Two and Four are without merit.**

Movant claims that his counsel was ineffective for "erroneously conceding that no 'mistake-of-fact' was available concerning the affirmative defense of 'mistake-of-age.'" Docs. 1 at 5; 2 at 4. He claims in Ground Four that the Court violated his right to due process by denying him the opportunity to present this defense. Doc. 1 at 8; Doc. 2 at 11. In support, Movant points to 18 U.S.C. § 2423(g), which allows for a "mistake of fact" defense for those who engaged in "illicit sexual conduct" as defined by 18 U.S.C. § 2423(f)(2). He further argues that the mens rea "knowingly" applies to every element of the offense. Doc. 2 at 5-6.

As an initial matter, the Court notes that Movant failed to contest the district court's ruling on direct appeal. *See Houser v. United States*, 508 F.2d 509, 514 (1974) ("[q]uestions as to the sufficiency of the evidence or involving errors either of law or fact must be raised by timely appeal from the sentence if the petitioner desires to raise them"). Thus, Movant's due process claim is without merit.

To the extent Movant challenges counsel's effectiveness concerning this issue, this claim likewise fails. The Government filed a motion in limine to limit the introduction of evidence to establish a "mistake of fact" defense "relating to defendant's knowledge or belief as to the child victim's age." Crim. Doc. 101. Movant's counsel opposed, arguing that counsel should not be precluded from inquiring about the minor victim's reputation for untruthfulness or specific instances on untruthfulness simply because of her age. Crim. Doc. 104. The Court correctly ruled that even if Movant's assertion that the victim previously lied about her age is true, such fact would be unrelated to the issues to be proven at trial, as the victim's age was only relevant as to her status as a minor, and her alleged lies as to her age and Movant's knowledge of her age were irrelevant. Cri. Doc. 135 at 6. The record thus contradicts Movant's assertion that his counsel "erroneously concede[d]" that a mistake-of-fact defense was not available.

Further, Movant's claim that counsel overlooked the fact that the defense was available to him by statute in 18 U.S.C. § 2423(g) (or that there was any due process violation) is without merit. Movant was convicted of violating § 2423(a) and (e), while the defense available in § 2423(g) only applies to those who have committed illicit sexual conduct under §§ 2423(b) or (c). Additionally, Movant's argument regarding the word "knowingly" as it is used in § 2423(a)

is without merit.  Contrary to any contention that the word "knowingly," as used in § 2423(a) applies to the age of the person transported, a "more natural reading of the statute . . . is that the requirement of knowledge applies to the defendant's conduct in transporting the person." *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir. 2001).  Put more bluntly, "§ 2423(a) does not require that the Government prove that a defendant knew his victim was a minor." *United States v. Cox*, 577 F.3d 833, 836 (7th Cir. 2009).  *See also United States v. Jones*, 471 F.3d 535, 539 (4th Cir. 2006) (holding that nothing about § 2423(a) suggests that "the modifying force of 'knowingly' extends beyond the verb to other components of the offense.").

Similarly, Movant cannot establish prejudice because he has not shown that this defense should have been submitted or that it would have succeeded at trial.  *Strickland*, 466 U.S. at 694 (Movant has not shown that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

These grounds are denied.

**C.      Ground Three is without merit.**

Movant argues that his counsel was ineffective for "failing to properly object to" a 5-level enhancement under U.S.S.G. §4B1.5(b).  Docs. 1 at 6; 2 at 6.  This enhancement applies where "the defendant's instant offense of conviction is a covered sex crime" and "the defendant engaged in a pattern of activity involving prohibited sexual conduct."  U.S.S.G. §4B1.5(b).  Movant contends his conduct did not amount to a "pattern of activity involving sexual conduct."

As explained above, at sentencing the Court found that a §4B1.5(a) enhancement as recommended by the probation officer did not apply but that §4B1.5(b) was applicable.  Crim. Doc. 189 at 23-24.  Movant's counsel unsuccessfully challenged this enhancement during the sentencing hearing. *Id.* at 24-28; Crim. Doc. 200.  On direct appeal, counsel argued the Court committed procedural error by applying the §4B1.5(b) enhancement. Crim. Doc. 200.  The Eighth Circuit affirmed, ruling that there was sufficient evidence to support the fact that Movant and the minor victim engaged in sexual activity in Fort Worth and Big Springs, Texas, and that the §4B1.5(b) application was appropriate. *Wardlow*, 830 F.3d at 823.

As best as can be discerned, Movant contends that his counsel should have raised the additional argument that the victim was at the age of majority in the states through which they traveled, including Texas.  Doc. 2 at 7.  Respondent correctly argues that Movant has not met his burden of establishing that defense counsel was ineffective because counsel's decision not to raise

8

the issue was made after a thorough investigation of the law and facts.  *Strickland*, 466 U.S. at 690.

To impose a §4B1.5(b) sentencing enhancement, a court must find sufficient evidence that "the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) . . . applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct."  U.S.S.G. §4B1.5(b).  The Guideline defines "minor" as "an individual who had not attained the age of 18 years."  U.S.S.G. §4B1.5 cmt. n.1.  The Guideline further defines "prohibited sexual conduct" as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)."  U.S.S.G. § 4B1.5 cmt. n.4(a).

The offenses described in 18 U.S.C. 2426(b)(1)(A) or (B) are offenses under Chapters 117, Chapter 109A, Chapter 110, or § 1591; or "under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2426(b)(1)(B).

The list of offenses includes 18 U.S.C. § 2241(a), found in Chapter 109A.  A pattern of activity involves prohibited sexual conduct with a minor on at least two separate occasions. U.S.S.G. §4B1.5(b) cmt. n.4(B)(i).   In other words, the pattern of activity in this case are two separate occasions of any offense under state law that is comparable to 18 U.S.C.§ 2241(a) had it occurred in the special maritime and territorial jurisdiction of the United States with a person under the age of 18.  A violation of 18 U.S.C. § 2241(a) occurs if the person "knowingly causes another person to engage in a sexual act" . . . "by using force against the person" or "by threatening or placing that other person in fear that any person will subjected to death, serious bodily injury, or kidnapping; or attempts to do so" within the specified jurisdictions of the United States.

While Movant could not have been charged with a § 2241 violation, comparable state laws meet the definition of § 2241 and fall under the §4B1.5(b) enhancement.  The comparable Missouri statute to § 2241 states that "[a] person commits the crime of sexual abuse if he subjects another person to sexual contact . . . by the use of forcible compulsion." Mo. Rev. Stat. § 556.100 (2013).  "Forcible compulsion is defined as: 'physical force that overcomes reasonable resistance,' or 'a threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping of himself or another person."  *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005) (quoting Mo. Rev. Stat. § 566.061(12)).

9

The comparable Texas statute states that a person commits an offense of sexual assault by intentionally and knowingly causing the penetration of the anus or sexual organ of another person by any means without consent. Tex. Penal Code Ann. § 22.011(a)(1)(A) (2017). Sexual assault is without consent if "the actor compels the other person to submit or participate by threatening to use force or violence against the other person, . . . and the other person believes that the actor has the present ability to execute the threat." Tex. Penal Code Ann. § 22.011(b)(2) (2017).

Here, the facts presented at trial support the finding that Movant threatened the victim with violence, and Movant does not contest that the victim was under the age of 18. On two separate occasions, Movant committed the offense of sexual abuse in Missouri, a violation of Mo. Rev. Stat. § 566.100, and committed the offense of sexual assault in Texas, a violation of Tex. Penal Code Ann. § 22.011, of which 18 U.S.C. § 2241 is a comparable federal offense, with a person under the age of 18. Therefore, the application of a §4B1.5(b) enhancement was appropriate.

Further, Movant cannot establish prejudice because even if he were successful on any issues related to Guidelines, the Court made sufficient findings that his final sentence would be unchanged regardless of the Guideline calculations. The Court stated that "I'm going to vary from the guidelines and sentence under the statute and put to rest all the arguments that ought to be made – that may be made under the guidelines. I'm going to assess your punishment at 250 months." Crim. Doc. 189 at 48. At the close of the hearing, Movant's counsel brought up legislative history which had not been on hand earlier in the hearing regarding the calculation of the guidelines. The Court responded, "it's not going to cause me to change my mind. I varied below the guidelines. As I told you, I think it's a reasonable sentence in this case." *Id.* at 53-54. Because the Court stated it would impose a 250-month sentence regardless of the Guidelines, any error in applying the Guidelines is harmless. *See United States v. Pappas*, 715 F.3d 225, 230 (8th Cir. 2013); *see also United States v. Davis*, 583 F.3d 108, 1094 (8th Cir. 2009) (because the district court stated it would have imposed the same sentence regardless of a guideline determination, "any error on the part of the district court [concerning the guideline] is harmless"). Therefore, even if the application of the enhancement was inappropriate, Movant cannot establish prejudice.

Movant cannot show prejudice for the additional reason that any Guidelines error does not result in an illegal sentence so long as the ultimate sentence imposed remains within the statutory limits, as was the case here. *Sun Bear*, 644 F.3d at 705.

This ground is denied.

### D. Ground Five is without merit.

Movant argues that his counsel was ineffective for "failing to object to plain error at sentencing with regard to the imposition of several 'Additional' or 'Special Conditions' of supervised release." Doc. 2 at 11. Movant claims that his counsel should have challenged the conditions as several of the imposed "Additional Conditions" were vague, inappropriate, and overbroad. *Id.* Movant additionally argues the Court committed plain error by failing to discuss the appropriateness of each imposed condition of his supervised release as it applied to § 3553(a).

During the sentencing hearing, the Court asked defense counsel if she wished to have the conditions of supervised release read into the record. Crim. Doc. 189 at 50. Counsel stated there was no need as they were contained in the PSR and both she and Movant had reviewed the conditions. *Id.* The Court nonetheless reviewed several of the conditions with Movant on the record.

To the extent Movant is challenging a ruling of the trial court, Movant failed to contest the district court's ruling on direct appeal and it cannot be raised here. *See Houser*, 508 F.2d at 514.

To the extent Movant is challenging the effectiveness of counsel, although Movant alleges that "none of those imposed conditions were challenged at sentencing," the record reflects otherwise. First, counsel objected to a condition limiting adult pornography or erotica found in paragraph 55, subparagraph F of the PSR. *Id.* at 51. Then, counsel stated "[o]h he says he doesn't care about that anyway. Never mind." *Id.* Second, counsel objected to another provision found in subparagraph H, referring to polygraph testing. *Id.* The Court "agree[d] with that" and deleted the polygraph condition stating "I don't think it serves any purpose in this case." *Id.*

Consequently, Movant's broad allegations regarding a "blanket challenge" to the additional conditions do not indicate that counsel's performance was deficient. Additionally, Movant does not meet his burden of establishing prejudice inasmuch as his assertions do not indicate what counsel did or failed to do that would have changed the outcome.

This ground is denied.

### IV. Evidentiary Hearing and Certificate of Appealability

Because the Court finds Movant has failed to demonstrate that a fundamental defect occurred that resulted in a complete miscarriage of justice, and his contentions are contrary to the record and without merit, Movant's motion to vacate his sentence is denied. Additionally, since the motions, files, and records conclusively show Movant is not entitled to relief, Movant's request

for an evidentiary hearing is denied. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) ("A Section 2255 movant is entitled to an evidentiary hearing . . . unless the motion, files, and record conclusively show he is not entitled to relief.").

Additionally, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to Movant. A certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Movant has made no such showing, the Court declines to issue a certificate of appealability.

**V. Conclusion**

Accordingly, for the reasons explained above, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and a certificate of appealability is **DENIED**. This action is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Brian C. Wimes_____
BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

DATED: December 18, 2018